```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**DARREL HARRIS,**

                   **Petitioner,**

         v.                              CASE NO.  09-3104-SAC

**DISTRICT ATTORNEY,**
29th **Judicial District**
**of Kansas, et al.,**

                   **Respondents.**

<u>**MEMORANDUM AND ORDER**</u>

This action was submitted on forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the filing fee was paid. Mr. Harris is currently serving a sentence on "an unrelated crime" in Crossroads Correction Center, Cameron, Missouri.

<u>**FACTUAL BACKGROUND AND CLAIMS**</u>

The following factual background is alleged by petitioner. In 2002, unrelated charges were pending against him in Kansas and Missouri. He "was admitted to bail in both courts". In the Wyandotte County District Court in Kansas (Criminal Case Number 02-CR-0068D), he pled guilty to attempted aggravated battery pursuant to an agreement, which included a proposed sentence of 38 months. "Upon his plea in the Wyandotte County matter," the Missouri court revoked bail, ordered him jailed pending trial, and he has remained incarcerated in Missouri since December, 2002. Sentencing in Wyandotte County was scheduled for January 21, 2003, but his retained counsel "abandoned" him before imposition of sentence in Kansas, and "fail(ed) to appear and defend" on that day. Sentence has never imposed on his Kansas conviction.

Petitioner's retained defense counsel, who represented him in both cases, has failed to "secure extradition from Missouri to Kansas for imposition and execution" of the Kansas sentence. The Wyandotte County District Attorney initially refused to lodge a detainer[1], which frustrated petitioner's right to request a "final disposition" under the Interstate Agreement on Detainers, K.S.A. § 22-4401, et seq. (IAD). In 2006, Kansas had lodged a detainer, but petitioner was unable to request final disposition under the IAD through June 2007, because he was undergoing medical treatment. In March, 2009, he "signed paperwork waiving extradition" to and from Kansas, but the "district attorney in Kansas refused to accept temporary custody stating, '[w]e do not believe that we have the legal authority to bring Mr. Harris to Kansas'." Missouri prison officials claim to have no authority to quash the Kansas detainer, "even though all parties agree the detainer obstructs" petitioner's rehabilitation programs.

As ground one for this federal habeas Petition, Mr. Harris claims he is being denied due process by respondents' refusal to impose sentence. As ground two, he claims he was denied effective assistance of counsel based upon his attorney's failure to appear at sentencing and to later arrange extradition for sentencing. Harris asserts he is entitled to have the state district court dismiss the

---

[1]   K.S.A. § 22-2723(b) pertinently provides:

> (b) When the return to this state is required of a person who has been convicted of a crime in this state and has escaped from confinement or broken the terms of such person's bail . . . or parole . . . the prosecuting attorney of the county in which the offense was committed . . . shall present to the governor a written application for a requisition for the return of such person . . . ."

Id. Kansas, as the demanding state may have issued a warrant under this provision for the return of Mr. Harris.

underlying criminal conviction, with prejudice. This court is asked to order the Wyandotte County District Court to dismiss his Kansas conviction or extradite petitioner and impose sentence.

**FAILURE TO EXHAUST STATE COURT REMEDIES**

To the extent petitioner is seeking to challenge the execution rather than the validity of his Kansas conviction or sentence, his claims would be more properly raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[2]. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000); Bradshaw v. Story, 86 F.3d 164, 166-67 (10th Cir. 1996). To the extent he seeks to challenge the validity of his Kansas conviction or sentence, those claims must be raised in a petition under 28 U.S.C. § 2254. It has long been settled that an application for writ of habeas corpus under either § 2254 or § 2241 shall not be granted unless petitioner has properly and fully exhausted all available state court remedies, or demonstrated that such remedies are either unavailable or ineffective. 28 U.S.C. § 2254(b)(1); see Montez, 208 F.3d at 866 (Habeas petitioner is "generally required to exhaust state remedies whether his action is brought under Section 2241 or Section 2254."); Clonce v. Presley, 640 F.2d 271, 273-74 (10th Cir. 1981)(prisoner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus"). To satisfy the exhaustion prerequisite, petitioner must have presented the very issues raised herein to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction

---

[2] The court may not re-characterize this action without notice to and the consent of petitioner. It is thus considered as a § 2254 petition only.

3

proceeding.  Picard v. Connor, 404 U.S. 270 (1971).

It does not appear from petitioner's allegations that he has proceeded in an orderly and proper fashion through the state court system.  Nor has he alleged sufficient facts, rather than conclusory statements, showing he should be excused from exhausting state court remedies.  Mr. Harris alleges that in 2003 he filed a "Motion for Imposition of Sentence or Withdrawal of Plea" in the trial court, claiming that "the active warrant was affecting" his rehabilitative opportunities in Missouri.  He further alleges that the relief he requested was placement of a detainer to "trigger (his) rights under the (IAD)".[3]  He states he received no hearing on his motion, and does not provide the substance or date of the court's decision.  As noted, a detainer was subsequently lodged.  He also alleges that he presented both grounds raised herein to the Wyandotte County District Court, but has not exhausted any state appellate court remedies.  He again fails to provide the substance and date of any Wyandotte County Court decision.  He claims that he has not exhausted because "there is no sentence" and therefore "no state remedy," and that Kansas post-conviction remedies are unavailable because he is not present in Kansas.  See Matter of Lancaster, 879 P.2d 1143, 1144 (Kan.App.)(Under plain language of K.S.A. 60-1501, petitioner's presence in the state is a prerequisite to jurisdiction; however, Lancaster's absence from the state due to his confinement in Missouri "does not necessarily leave him without a means to challenge the delay in sentencing", citing see K.S.A.

---

[3]   Here, petitioner seeks dismissal of his state conviction.  His request in state court for placement of a detainer was not the same as his request in this court that his criminal conviction be dismissed.

60-801 et seq. (mandamus).), rev. denied, 256 Kan. 995 (1994); but see Maggard v. State, 27 Kan.App.2d 1060, 1063, 11 P.3d 89 (Kan.App.)(Unlike K.S.A. § 60-1501, K.S.A. § 60-1507 does not state that the inmate must be in the physical custody of the State of Kansas before the remedy is available.") rev. denied, 270 Kan. 899 (2000).

Petitioner does not allege or show that he has filed a proper motion regarding his Kansas sentencing or to withdraw his plea in his state criminal case or a proper post-conviction motion based upon the same claims as he raises in this Petition and then appealed any denial ultimately to the Kansas Supreme Court.  His bald allegations that no collateral state court remedy is available is not convincing.  He does not make a sufficient showing that he must be incarcerated in Kansas to file a motion to dismiss in his criminal case or to collaterally attack a detainer lodged by the State of Kansas.  See Maggard 27 Kan.App. at 1062 ("[A]lthough Maggard is currently imprisoned outside the State of Kansas, he may nevertheless attack his Kansas sentence because this state has lodged a detainer against him with the Missouri authorities.").  If petitioner has any viable legal grounds for demanding immediate sentencing or the quashing of his outstanding Kansas sentencing detainer, they must be presented in the first instance to the Kansas state courts.  Because the record provided by petitioner plainly indicates he has not done so, the court concludes this petition for writ of habeas corpus is premature and should be dismissed without prejudice.

**FAILURE TO STATE A CLAIM**

Furthermore, petitioner's allegations are not sufficient to demonstrate that any portion of his current custody attributable to the Kansas sentencing detainer violates the "Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3). To the extent petitioner is claiming rights under the IAD have been denied, he states no claim. The IAD, expressly applies only to detainers based upon untried indictments, informations, or complaints. See Carchman v. Nash, 473 U.S. 716, 725-26 (1985)(IAD applies only to detainers lodged on untried criminal charges.); see also U.S. v. Coffman, 905 F.2d 330, 332 (10th Cir. 1990); see also Hernandez v. U.S., 527 F.Supp. 83, 84 (W.D. Okla. 1981)(By its terms the IAD "applies only to detainers based upon untried indictments, informations or complaints".); State v. Burkett, 179 Ariz. 109, 111-12, 876 P.2d 1144 (Ariz.App.Div.1, 1993), review denied (1994), cert. denied, Arizona v. Burkett, 513 U.S. 1121 (1995)(collecting cases); Moody v. Corsentino, 843 P.2d 1355, 1369-70 (Colo. 1993); State of New Mexico v. Sparks, 104 N.M. 62, 65, 716 P.2d 253 (N.M.App. 1986)(Because sentencing, like probation revocation, does not fall within the plain meaning of an "untried indictment, information or complaint," the provisions of the IAD do not apply to a sentencing detainer.)(citing Carchman v. Nash, 473 U.S. 716, 726 (1985)). The Kansas detainer against petitioner is based upon a prior adjudication of his guilt rather than untried charges.

Moreover, Mr. Harris does not present facts indicating the concerns underlying the IAD[4] are at issue in his case. He cannot

---

[4] The Kansas Supreme Court has summarized the IAD as follows:

[I]f the Agreement applies, Article III requires a prisoner to be brought to trial within 180 days where the prisoner has requested

6

assert a denial of speedy trial under the IAD, since he has been tried; and he is not claiming that his rehabilitation has been hampered by shuttling between states for criminal proceedings.

Petitioner does not request that the Kansas detainer be quashed.  Instead, he claims the right to have his underlying state conviction dismissed.  He appears to be arguing that the State of Kansas waived the right to impose and carry-out his Kansas sentence by unreasonably delaying execution of its warrant for sentencing. However, he presents no legal authority for this argument.  The extradition clause in the United States Constitution, Article IV, Section 2(2), gives each state the right to obtain the return of fugitives who flee to other states.  It does not establish a mandatory obligation on the part of any state to secure the return of such a person.  Rather, the decision to extradite appears to be discretionary[5].  See <u>Brownfield v. Stovall</u>, 85 Fed.Appx. 123, **1-

---

final disposition of a complaint, and Article IV requires a trial to be commenced within 120 days if the prisoner is returned pursuant to a request for temporary custody where the charges are pending.

\* \* \*

Article IV(e) was designed to avoid the shuttling back and forth between jurisdictions and the resulting disruptive effect such transfers would have on a consistent treatment program and to promote the speedy disposition of outstanding charges upon which the detainers were based.

\* \* \*

[T]he Agreement is only concerned that a sentenced prisoner who has entered into the life of the institution to which he has been committed for a term of imprisonment not have programs of treatment and rehabilitation obstructed by numerous absences in connection with successive proceedings related to pending charges in another jurisdiction.

<u>State v. Hargrove</u>, 273 Kan. 314, 319, 323, 45 P.3d 376 (Kan.), <u>cert</u>. <u>denied</u>, 537 U.S. 982 (2002); <u>see</u> <u>also</u> K.S.A. § 22-4401.

[5]   K.S.A. § 22-2705 pertinently provides:

When it is desired to have returned to this state a person charged in this state with a crime, and such person is imprisoned . . . in

7

\*\*2 (10th Cir. 2003)[6]. Petitioner alleges no facts demonstrating that Kansas has waived its power to regain custody of him for the purpose of sentence and punishment for crimes committed within the State by failed extradition proceedings or otherwise. See K.S.A. § 22-2727.

Petitioner's present confinement is not due to the outstanding Kansas sentencing warrant or his Kansas conviction. See Moody v. Daggett, 429 U.S. 78, 86 (1976). Instead, it is due to his convictions and sentences for unrelated crimes. "It is "generally recognized that a person already in custody cannot be arrested on an outstanding warrant from another county or jurisdiction." State v. Nicholson, 243 Kan. 747, 750, 763 P.2d 616 (Kan. 1988)(citing Hayes v. United States, 367 F.2d 216, 221 [10th Cir. 1966](other citations omitted)). "[W]hile a revocation warrant must be executed within a reasonable time [citation omitted], incarceration in a state institution has been held to be a good reason for delay in execution of the warrant." Small v. Britton, 500 F.2d 299, 301 (10th Cir. 1974)(citations omitted). "It is impractical, if not impossible, to arrest a defendant who is already in custody," and there is "no obligation to seek temporary release from custody for purpose of executing a warrant." See State v. Hall, 287 Kan. 139, 153, 195 P.3d 220 (Kan. 2008)(citing Nicholson, 243 Kan. at 749). "A detainer is a request filed by a criminal justice agency with the

---

another state, the governor of this state may agree with the executive authority of such other state for the extradition of such person before the conclusion of . . . his term of sentence in such other state . . . .

Id.

[6] A copy of this unpublished opinion is attached to comply with Tenth Circuit Court of Appeals rules.

8

institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." See Carchman, 473 U.S. at 719 (citing Cuyler v. Adams, 449 U.S. 433, 436, FN3 (1981)(other citations omitted). Technically, an outstanding warrant not based on untried charges that has been lodged with the penal institution of another jurisdiction as a detainer need not be executed until the person sought is released from the unrelated primary custody. When a person has been found guilty of committing crimes in two different sovereigns, the decision as to the order in which he will serve the punishments imposed is a matter of comity between the two sovereigns.

In any event, petitioner's bald statement that the Kansas sentencing detainer is obstructing his rehabilitative programs[7] in the Missouri prison does not establish any factual or legal basis for a federal writ of habeas corpus setting aside his Kansas conviction[8]. Cf. Carchman, 473 U.S. at 726 (holding that the timely disposition of detainers under the IAD does not apply to detainers based on probation-violation charges, notwithstanding recognized adverse impact of a detainer on a prisoner's confinement). Even if Harris could show the detainer is causing an adverse effect upon his classification and qualification for institutional programs, "the

---

[7] Petitioner's allegation of prejudice is general and unsupported. See McDonald v. New Mexico Parole Bd., 955 F.2d 631, 634 (10th Cir. 1991). He does not allege facts establishing that he has been prejudiced in his ability to take advantage of a specific rehabilitative program offered by the incarcerating institution solely due to the existence of the Kansas sentencing detainer.

[8] Harris makes no claim that lawful authority did not exist for issuance of the Kansas sentencing warrant or the lodging of a sentencing detainer in his case. Instead, he argues that the delay in executing the sentencing warrant together with the detainer's effect upon his current confinement entitles him to dismissal of his Kansas conviction.

Supreme Court has rejected the concept that these kinds of consequences of state action trigger a due process concern." McDonald, 955 F.2d at 634 (citing Moody, 429 U.S. at 88 FN 9). The detainer in this case is based upon a conviction, and is thus more akin to one based upon a parole violator warrant, rather than upon untried charges. It is well established that a prisoner is deprived of no constitutionally protected rights by the issuance of a parole violator warrant. Moody, 429 U.S. at 89. In Moody, the Supreme Court expressly concluded that a liberty interest did not arise because of possible adverse impact of a parole violator detainer on a prisoner's classification or eligibility for various rehabilitation programs. Id. at 88 FN 9. The Court reasoned that prison officials have full discretion to control conditions of confinement[9], and Moody had "no legitimate statutory or constitutional entitlement sufficient to invoke due process." Id. Other courts have also reasoned that since a detainer based on a pending sentence could simply be replaced by a detainer for serving the sentence, "the adverse effects upon confinement conditions would be unlikely to change by reason of the change in the nature of the detainer." Corsentino, 843 P.2d at 1371 (citation omitted).

When petitioner is released by Missouri, if he is taken into custody by Kansas authorities, it may be assumed he will appear in state court for sentencing. At that time he may also raise any challenges he has to sentencing on his Kansas conviction including that the delay in sentencing was unreasonable or prejudicial. See

---

[9] In Missouri, like in Kansas, state corrections officials presumably have discretion in determining what programs will be available and who will qualify for those programs. See Hall, 287 Kan. at 154 (citing Moody, 429 U.S. at 88-89 FN9).

10

<u>Moody</u>.  Petitioner has not argued that he has suffered actual prejudice in his ability to present evidence of mitigating circumstances that might affect the eventual sentencing decision in Kansas, and has alleged that a particular sentence has already been agreed upon.

In sum, the court finds that petitioner does not state facts or cite authority that would entitle him to have his state conviction overturned under 28 U.S.C. § 2254.  Petitioner shall be given time to show cause why this action should not be dismissed, without prejudice, for failure to exhaust and for failure to state a claim for relief under § 2254.  If he fails to respond within the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is given twenty (20) days in which to show cause why this action should not be dismissed, without prejudice, for the reasons stated in the foregoing Memorandum and Order.

**IT IS SO ORDERED**.

Dated this 29th day of July, 2009, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge